KATHERINE EGGENSPERGER v. JOHN O. LANPHER.[1]

July 8, 1904.

Nos. 13,877—(162).

**Agreement to Pay Mortgage—Repairs for Tenant.**

Plaintiff and her husband were the owners of certain real property which was incumbered by two mortgages, one held and owned by defendant, and the other by a third party. They conveyed the property to defendant under an agreement that he would pay and discharge the mortgage held by the third party, collect the rent from a tenant then in possession of the premises under a lease for a term of years, apply the proceeds in reduction of the mortgage indebtedness after payment of taxes and necessary repairs, and reconvey the property to plaintiff upon the payment by her of the amount remaining due on the mortgage indebtedness after the application of the money received from the tenant. The terms of the lease under which the tenant was occupying the premises required him to keep the same in suitable repair at his own cost and expense. Defendant paid the mortgage to the third party, collected the rent, and applied a portion thereof to the payment of repairs made by himself, and refused to reconvey the property to plaintiff except upon reimbursement for such repairs. Plaintiff tendered defendant an amount sufficient to pay the mortgage indebtedness and all sums due him, except for the repairs. It is *held:*

1. That defendant was under no legal obligation to repair the property for the benefit of the tenant, and, as the tenant had expressly contracted to make all necessary repairs, defendant should have required and compelled him to do so, and is not entitled to reimbursement for repairs made by himself.

2. That the findings of the trial court are sustained by the evidence, and judgment for specific performance was properly ordered.

Action in the district court for Hennepin county for an accounting and to enforce specific performance of a contract to reconvey certain land. The case was tried before Elliott, J., who found that there was due to defendant the sum of $2,004.32, and that upon payment thereof plaintiff was entitled to a reconveyance of the premises as prayed. From an order denying a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 100 N. W. 372.

*A. B. Darelius* and *F. N. Hendrix*, for appellant.

*F. J. Geist* and *E. W. Gray*, for respondent.

BROWN, J.

On September 3, 1898, and for some time prior thereto, plaintiff and Anthony Eggensperger were, and still are, husband and wife. On that day the husband was the owner of the property in question, which was incumbered by two mortgages, one for $1,000 to defendant, and one for $1,600 to a third party. There was at that time overdue interest on the mortgages, and delinquent taxes upon the property, amounting in the aggregate to the sum of $263.98. The parties entered into an agreement by which plaintiff and her husband conveyed the property to defendant, in consideration of defendant's agreement to pay and discharge the mortgage of $1,600, the interest, and back taxes, and, upon being reimbursed for the money so paid by him, and upon payment of the mortgage held by him, to reconvey the property to plaintiff. The property was then occupied by a tenant, and the agreement provided that defendant should collect the rent as it became due, and apply the proceeds (1) to the payment of the sum of $350 advanced by plaintiff and her husband in the transaction, and (2) to pay and discharge the interest on the mortgage for $1,600, the taxes, insurance, and necessary repairs upon the property, and apply the balance upon the mortgage for $1,000. Defendant paid the mortgage for $1,600, collected the rents from the tenant, and applied the sum of about $900 towards repairs and improvements placed by him upon the premises. Thereafter plaintiff tendered to defendant the amount she claimed was due upon both mortgages, and demanded a reconveyance of the property to her, as provided by the contract. Defendant refused to reconvey, on the ground that the tender was insufficient, the precise claim being that the amount paid by him for repairs, viz., about $900, was not included in the amount of the tender. Plaintiff insisted that defendant was not entitled to reimbursement for repairs made by him during the time he was in possession of the property under the deed, and this contention presents the only question in the case. The trial court held that the tender was sufficient to cover the amount due defendant; that he was not entitled to reimbursement for repairs. Judgment for specific per-

formance was ordered, and defendant appealed from an order denying a new trial.

At the time of the conveyance to defendant, one Mattson was in possession of the property under a lease from plaintiff and her husband, which was assigned to defendant as a part of this transaction, by the terms of which the tenant expressly obligated himself to keep and maintain the premises during the term of his occupancy in as good order and condition and state of repair, reasonable use and wear and unavoidable accident excepted, as the same were in when delivered to him. This lease was properly received in evidence as a part of the transaction between plaintiff and defendant, and the error assigned that it was inadmissible is not well taken. The trial court held that under the conditions of the lease it was the duty of the tenant to make all ordinary repairs upon the premises, and that defendant was not warranted in relieving him from his obligation in that respect. The purpose of the conveyance to defendant was to give him control of the property, with power to collect the rent from the tenant and apply it in reduction of the indebtedness due him, and it was his clear duty to compel the tenant to perform the terms and conditions of the lease under which he was occupying the same.

The law is well settled that, in the absence of an agreement to that effect, the landlord is not bound to make repairs, improvements, or betterments; the policy of the law is to require the tenant to examine the premises before he takes possession, and elect whether they will suit his purposes, and the burden is upon him to keep and maintain them in repair. Harris v. Corlies, Chapman & Drake, 40 Minn. 106, 41 N. W 940. There was therefore no legal obligation on the part of defendant to repair the property in question for the benefit of the tenant, and no necessity for doing so, for the latter had expressly obligated himself to keep and maintain the premises in repair during the term of his tenancy. The defendant occupied the position of a mortgagee in possession of mortgaged premises; he stood in the place of and represented plaintiff respecting the care of the property and the obligation of the tenant to make repairs, and should have insisted that the latter comply with his contract in that respect.

The terms of the contract between plaintiff and defendant, which authorized him to deduct from the rent collected by him the amount of

repairs made upon the premises, must be construed, not as abrogating the contract as embodied in the lease with the tenant, but as referring to such repairs as might be rendered necessary in case that contract should become cancelled or terminated, and there remained no longer an obligation on the part of the tenant to make them. But there is no suggestion that the tenant vacated the premises, or was in any way relieved from his obligation to keep the premises in repair. The trial court was therefore right in holding that the repairs made by defendant were without legal justification, and that he is not entitled to reimbursement therefor.

It is probable that some of the repairs in question were not such as the tenant was required to make under the terms of his contract, but there are no findings to that effect, nor did defendant request the court to make findings on the subject, and the question whether defendant would be entitled to reimbursement for any part of the repairs is not before us.

Order affirmed.